No. 5.—ANDREW J. NICHOLS, plaintiff in error, *vs.* CICERO H. SUTTON and JOHN G. PORTER, defendants in error.

$\begin{array}{|cc|} \hline 22 & 369 \\ 119 & 473 \\ \hline 22 & 369 \\ 123 & 737 \\ \hline \end{array}$

[1.] An order of the Inferior Court to certain persons, as commissioners to examine the change of location of a public road, with instructions, that if they found the proposed *alteration* of public utility, to mark out the same and report to the Court. They do mark out and report to the Court, and the Court orders that the party applying, be allowed to open the road at his own expense, this is an order to change the road.

[2.] The Inferior Courts have authority to make or alter or establish public roads, and beyond this, their jurisdiction is to enforce the road laws and to compel officers in subordinate authority to discharge *their* duties.

[3.] To open a road which has ceased to be a public road, and to remove fences, &c., are trespasses, for the prevention of which, an injunction will not lie, there being an adequate remedy at law.

[4.] There is a remedy by Certiorari, for the errors of the Inferior Court, in road cases.

In Equity, from Habersham Superior Court. Decision by Judge JACKSON, at chambers, 27th March, 1857.

This was a bill by Andrew J. Nichols, against Cicero H. Sutton and John G. Porter, road commissioners for the Clarksville district, in the county of Habersham.

The bill alleges that complainant had applied to the Inferior Court of said county, to allow him to change the public road running through his premises, and to do so at his own expense. That said Court passed an order authorizing complainant to change said road and to locate it as indicated in his application.

The bill further alleges, that complainant, in pursuance of said authority, did change said road, and opened and located a new road, upon the ground designated in said order, and at his own very great expense, and that he fully complied with all the terms imposed by said Court. That afterwards, said Court upon the petition of certain persons, and without notice to complainant, and without his consent, passed an order directed to said Sutton and Porter, road commissioners, to re-open said road through the then enclosed land of com-

plainant. That said commissioners in obedience to said order, had gone upon the premises of complainant, and had pulled down his fences, which he at once put up again, but he fears and apprehends that said commissioners by virtue of said order, will again enter and throw down his fences and re-open said road, to the great and irreparable injury of complainant.

The bill prays an injunction against said commissioners, &c.

The Chancellor refused to sanction the bill and to grant the injunction on the following grounds:

1st. Because the order allowing complainant to make and open a road at his own expense, did not authorize him to stop up the old road.

2d. Because, the Inferior Court subsequently ordered the road that had been obstructed to be re-opened, and that Court has exclusive, original jurisdiction of roads, &c. under the statutes of Georgia, and may at any time open and alter roads.

3d. Because, if the Inferior Court acted illegally, the proper remedy in the opinion of this Court, is by certiorari, and not by injunction from this Court against the commissioners acting under the authority and in obedience to an order, legal, until reversed.

To which decision counsel for plaintiff excepted.

AKERMAN; and PEEPLES, for plaintiff in error.

HULL, for defendants in error.

*By the Court.*—MCDONALD, J. delivering the opinion.

[1.] We are not prepared to sustain the Judge below, on all the grounds, on which he refused to sanction the injunction in this case; but on some of them, we affirm his judgment. The petition of Nichols to the Inferior Court, was to alter the

location of the road leading from the Loque bridge to the Vandyke bridge. The Court appointed commissioners to examine the matter with instructions that if they found the proposed *alteration* of public utility, to mark out the same, and report to the Court. The road was marked out and an order passed for the complainant to open it at his own expense. He did open it at great expense, and that was an order to alter the route; it was to open the old road, and the Court cannot say that they meditated a fraud upon the complainant by which he should be forced to encounter great expense, and then be debarred from the right he sought to acquire.

[2.] The Inferior Court had jurisdiction of the case, unquestionably, but they cannot capriciously exercise their jurisdiction to the injury of the citizen. To possess a power is one thing, but to exercise that power properly and legally is another. The Inferior Courts have power to make and alter roads, and when a road is once made or altered agreeably to law, and perhaps, not in strict conformity to law, and the order or judgment of the Court, in respect thereto, is unreversed, or not revoked according to law, the road so made or altered, must stand as established. The order of the Inferior Court complained of in the bill, is not an order to make or alter a road, but to take measures to have all obstructions removed from a certain road, and to have it put in good order and repair. If, by a prior order of the Court, that road had ceased to be a public road and the right of occupation thereby reverted to the owner of the soil, the last order was an order to commit a trespass. If the road was a public road, it became the duty of the commissioners of roads, on being informed of the obstructions, if they did not know of them, to proceed under the act against the person who placed them in the road; and it was the duty of the overseer of the road to cause them to be removed. *Cobb's New Dig.* 949. If the overseer neglect his duty, he is amenable to the commissioners of roads. *Ib.* 948. The commis-

Nichols vs. Sutton & Porter.

sioners are liable to the Inferior Court for their neglect of duty; and in this manner, the Inferior Court have a right to hear and determine matters relative to roads. When they lay out or alter a road, or establish a public road, their authority ceases in regard to the road, except as a tribunal to enforce the road laws and compel officers in subordinate authority to discharge their duties. In regard to the question as to which of the two is the public road, the last order of the Court leaves it as it found it.

[3.] If the first order authorized the complainant to turn the road, and he complied with the terms on which it was granted, the entry of persons on his premises and removing his fences, &c. are trespasses for which they are liable as in ordinary cases. The case made by the bill does not come within the class of injuries that the law considers irreparable, nor is it of such a nature as requires an answer from the defendants to ascertain the extent of the injury the complainant has sustained. There is an adequate remedy at law.

[4.] If the order of the Court had been such as to have made it necessary to complainant to annul it, he might have moved its revocation before the Inferior Court, and if they had illegally refused to revoke it, their decision would have been open to review before the Superior Court. If the complainant had desired it, there was nothing in the way of his having the proceedings of the Inferior Court in passing the order, re-examined by certiorari in the Superior Court; that the proceeding was *exparte*, is no objection, for in such cases, where a party injured has no notice, the Court would not deny his constitutional right to have errors complained of in the proceedings reviewed, and if any, corrected before the Superior Court. We cannot sanction the principle, that every controversy respecting roads is to be converted into a case for a Court of chancery.

Judgment affirmed.