FRITH vs. THE JUSTICES OF THE INFERIOR
COURT.

A judgment ordering a road to be opened, rendered on the report of
reviewers who are not sworn, is erroneous.

*Certiorari*, in Randolph Superior Court. Decided by
Judge PERKINS, at May Term, 1860.

In the year 1859, the Justices of the Inferior Court of
Randolph county appointed certain commissioners to review
and report on the laying out of a certain road to lead out of
Cuthbert, Ga., through a ten acre lot adjoining the town of
Cuthbert, in the possession of the plaintiff in error. The
commissioners reviewed the premises and made a report in
favor of opening said road, etc.

Afterwards, the Inferior Court appointed certain persons
to assess the amount of damages accruing to the owner of the
land on account of the proposed road, and which appears to
have been done without notice to the owner of said lot.

The assessors reported the damages to be one hundred dol-
lars, to be paid to the owner of said ten acre lot on the ter-
mination of a suit between John Roe and Mrs. Frith respect-
ing the titles to said lot.

It further appeared that the commissioners and assessors
acted in the premises without being sworn. The reports
above stated were made the judgment of the Court, and an
order passed making a highway through said lot.

Mrs. Frith being dissatisfied with these proceedings, car-
ried the same by *certiorari* to the Superior Court, asking that
the same be set aside on various grounds: Want of notice of
the proceedings in their several stages; uncertainty as to the
width of the road; the damages to be paid to her upon
a condition, and not absolutely; the failure of the reviewers
and assesors to be sworn, etc.

On hearing the *certiorari*, the Court adjudged that the
same be sustained as to the assessment of damages, and that
the judgment of the Inferior Court be affirmed as to their
right to open the road to the extent of thirty feet.

To which decision the plaintiff in *certiorari* excepted.

HOOD, for plaintiff in error.

DOUGLASS & DOUGLASS, *contra.*

*By the Court*—STEPHENS, J., delivering the opinion.

The statute requires the reviewers to be sworn, and we think that on account of the failure to swear these reviewers, the whole judgment, which was founded on their report, ought to have been set aside.

Judgment reversed.