Ponder *et al. vs.* Shannon *et al.*

---

Amos Ponder *et al.*, plaintiffs in error, *vs.* James M. Shannon *et al.*, defendants in error.

1. The county authorities may alter a public road at their discretion, following the mode pointed out by law, and the courts will not interfere with the exercise of that discretion, unless it be manifestly abused.

2. The alteration of an old road involves the discontinuance of that part thereof which is altered; and under a citation to alter a road, it is competent to discontinue that part of the old road which is rendered unnecessary by the alteration.

County matters.    Roads and bridges.    Before Judge Bu-
CHANAN.    Monroe Superior Court.    September Term, 1874.

James M. Shannon and others petitioned the county com-
missioners of Monroe county to change or alter the road lead-
ing from Forsyth to Cabaniss, and to construct a bridge over
the Towaliga river at the point where the new road will cross
said stream.    The commissioners appointed reviewers, who
reported in favor of the alteration, as prayed for.    The com-
missioners then caused Amos Ponder and others interested to
be served with a notice to file their application for damages
before May 14th, 1874.    They also issued a citation, which
was placed at the court-house door and published as required
by statute, calling upon all persons having objections to the
proposed alteration to file the same by the day aforesaid.
Numerous objections were filed, and a large mass of testi-
mony introduced, all of which is omitted here, as there was
certainly a sufficient amount in support of the alteration to
show that the discretion of the commissioners was not mani-
festly abused.    The alteration as reported by the reviewers
was ordered.

To this judgment Ponder and others excepted, and peti-
tioned for the writ of *certiorari*, assigning numerous errors,
all of which may be condensed into the two passed upon by
the court, to-wit: that the order was not authorized by the
testimony; and that, under the citation requiring those inter-
ested to show cause why such alteration should not be made,
it was not competent to discontinue that part of the old road
thus rendered unnecessary.

The writ of *certiorari* issued, but on the final hearing the
judgment of the commissioners was affirmed.

To this ruling Ponder and others excepted.

HAMMOND & BERNER, for plaintiffs in error.

CABANISS & TURNER, by PEEPLES & HOWELL; W. D.
STONE, for defendants.

Ponder *et al.* *vs.* Shannon *et al.*

McCay, Judge.

1. Original jurisdiction is granted by the constitution to the ordinary or county commissioners over the subject of roads, bridges, etc.  The judge of the superior court may, in a proper case, by *certiorari*, correct the errors of all inferior judicatories.  But this is only a power to correct errors, not a concurrent jurisdiction over the subject.  It is eminently proper that these matters shall be in the discretion of the county authorities, chosen by the people for the purpose. The judge of the superior court can only interfere when the county authorities violate the *law*, but so long as they keep within their legal power, the exercise of their discretion ought not to be interfered with.  They know far better what the wants of the people are, and are, within their legal power, the best judges upon the whole subject.

2. It is perhaps true that under a citation to alter a road it would not be competent to discontinue the road altogether. But it is obvious that every alteration of a road involves necessarily the discontinuance of the part replaced by the alteration.   And we think when the discontinuance is only of the part replaced by the alteration, that it is legitimate to do this under a citation to alter.   As a matter of course this should not be used as a cloak to mislead.   But we see nothing of that here.   Indeed, there is no formal discontinuance by the order, though we suppose that was the intent of the court. But this is just the intent that, in our judgment, is legitimate. There is no subject upon which men differ so much as on the propriety of a new or alteration of an old road.   Many years' experience satisfies me that on this subject especially, men *will* look at things to suit themselves, and that as to swamps and hills and levels, and even as to distance, they utterly lose themselves in their own interest or feelings. Under such circumstances it is an ungracious duty the commissioners have to perform, and one that the superior court or this court has not the means to judge of.   For my part I should not be willing to interfere, except in a very clear case.

Judgment affirmed.