HIGHTOWER v. JONES et al.

The action of the ordinary in proceeding to change and lay out the road petitioned for, being in every particular in accordance with the requirements of the code, and the demurrers and pleas filed showing no legal grounds to prevent the'laying out of the road as described in the report of the road commissioners, the judgment of the ordinary was properly sustained on *certiorari*. If the plaintiff in error will be damaged by the appropriation or injury of his property in laying out and constructing the road, he has his remedy.

July 7, 1890.

Roads and bridges. Before Judge ROBERTS. Laurens superior court. January term, 1889.

Jones and twenty-one others filed their petition to the ordinary of Laurens county, alleging as follows: The county has issued and sold bonds for the purpose of erecting an iron bridge for wagon and foot passengers across the Oconee river at or near the town of Dublin, the same to be free to the public; and the money arising from the sale of said bonds is now in the hands of the authorities of the county for said purpose. The Oconee is a navigable stream controlled by the general government. A law has been passed by the present Congress permitting the authorities of Laurens county to erect and maintain such bridge across said river at said point, under the direction and approval of the Secretary of War of the United States. A public road leads from Dublin to Savannah, Ga., and upon it at Dublin is a public ferry owned and operated by Laurens county, and free to the citizens. Said public road crossing at said public ferry had been selected as the site upon which to construct said public bridge by said county; but on account of the bend in the river at said point and for other causes, approval of said site was wholly refused to said county to build said bridge at said point by the Secretary of War, and by the officers

of said government the county authorities were directed to erect said bridge about ——— feet below said public road and ferry, as being free from said objections. The town of Dublin has opened divers public streets to the river, for the use of the town and the public. Said public road running into said town does not follow (only in part) any of said streets, but runs diagonally from near Columbia street to Gaines street, and following said street but for a short distance, enters diagonally into Jackson street, passing over a very rough and rocky bed at about half way from said river to the court-house through said town. Jackson street is convenient and eligible for travel to all the citizens of the town and the general public, to said river. The authorities of the town have granted to the county full use and control of Jackson street, both as a public road and for the purpose of erecting said bridge therein. Petitioners believe that the erection of said bridge at the foot of Jackson street in said town would remove all objections on the part of the Secretary of War, and receive his unqualified approval (without which said bridge cannot be built), and at said site said bridge would be better located, its construction would be cheaper, with little or no curvature in the river, upon a safer foundation, and free from any obstruction to the navigation of the river; the entrance into the town would be placed entirely upon one of its public streets; and said location and road would be of great public utility to the citizens of the county and the general public. Petitioners pray the location and establishing and erecting said bridge on Jackson street to span said river, running straight across and landing the same at a suitable terminus, the same passing about ——— feet below the warehouse erected by the Wrightsville and Tennille Railroad Company for river uses, and across the two tracks of said railroad, and thence the best and

most practicable route across and through the lands of
R. H. Hightower and said railroad company in a north-
easterly direction, and to intersect with said Dublin and
Savannah public road about 100 or 150 yards from the
track of said railroad where the same crosses said road
near the ferry, and to open and establish a first-class
new public road as an approach to said bridge from
the present public road to the foot of said bridge and
through the lands of R. H. Hightower and said railroad
company, leaving said public road at or about 100 or
150 yards from where the track of said railroad crosses
said public road.  They further pray for an order ap-
pointing three road commissioners residing as near
where said bridge is to be constructed and built, and
said road is intended to pass, as possible, to make a
review of said contemplated bridge-site, and if they
determine that such bridge-site and such new road to
approach the bridge will be of public utility, to locate
said bridge-site and mark out said road as by law re-
quired, and make their report in accordance with law,
that said bridge-site may be condemned for said public
bridge, and that said land may also be condemned for
a first-class public road as the approach to said bridge,
and be made such.

The ordinary appointed the three road commissioners
of the 52d district G. M. to lay off and mark out the
site for building the bridge and to mark out and estab-
lish a first-class new public road as an approach to the
bridge, if they should find the same to be of public
utility.  These commissioners were sworn to well and
truly perform their duties in the premises to the best
of their skill and ability.  They served on Hightower
and his tenant and on the railroad company notice of
their appointment, reciting the purport of the same and
stating that they would proceed to the discharge of
said duty on a certain day.  They subsequently filed

with the ordinary their sworn report that they had examined the proposed new road and bridge-site, that the same would be of great public utility, and that they had located the bridge-site and marked the new road in a manner specified. The ordinary approved this report, and ordered that the usual citation issue and be published in terms of the law, that the case be set for hearing on a certain day, and that the usual notices be served on the land-owners in terms of the law. They were served with written notice reciting the application for the bridge-site and road, and the report of the commissioners, and stating that if no cause to the contrary were shown, a final order granting said new public road would be made by the ordinary on a certain day, by which time the land-owners must put in their claim for damages or be ever afterwards estopped. Hightower appeared and demurred on the grounds (1) that said petition and proceedings do not either allege or show that the property sought to be condemned thereunder is subject to condemnation under the law of eminent domain, or that the same has not been previously, under grant special or general from the State, appropriated to a different public use inconsistent with the public use for which it is alleged the same is now sought to be condemned and appropriated; (2) that the prayer of the petition is for the appointment of three road commissioners to mark out and establish a new road and bridge-site, and not three discreet and proper persons as the law directs; (3) that the road commissioners of one of the districts where the property sought to be condemned is situate were appointed as such and acted, and report as such officially upon said application; (4) that said petition and proceedings do not allege or show that an adequate fund or any fund at all is provided, from which the owner can certainly obtain compensation for his damage, either concurrently in point of

time or subsequently to the exercise of the assumed right of eminent domain over said premises; and (5) that said petition and proceedings do not allege or show any effort, attempt or desire on the part of the applicants to condemn, to purchase or agree with the owner on the amount of compensation for the property or right of defendant sought to be condemned and appropriated or taken for said alleged public use, nor does the same allege any failure to agree thereon or refusal to agree, nor, if a failure to agree is alleged, is the reason for the inability to agree stated in the petition or proceedings. He also pleaded to the jurisdiction on the grounds (1) that there has never been any effort on the part of the county of Laurens to acquire by purchase or agreement the property sought to be condemned, nor any failure or inability to agree upon a contract of purchase for same; (2) that said property sought to be condemned is not subject to condemnation to the additional servitude or public use, because the same has been previously, under grant from the State, appropriated to a different public use inconsistent with the public use for which it is alleged by petitioners the same is now sought to be condemned and appropriated.

The ordinary overruled both demurrer and plea, and rendered judgment in favor of Jones *et al.*, condemning and defining the public road and bridge-site. The judgment further directed that a warrant issue to the sheriff (Hightower having filed his petition for damages) to summon a justice of the peace, the road commissioners and a jury of freeholders from the vicinage of the road and bridge-site, to assess said damages. By petition for *certiorari*, Hightower alleged that the lands condemned were purchased by him chiefly for the purpose of acquiring the right to construct, under the laws of this State, a public toll-bridge thereon to

span the river and appropriate to said use ; that he did erect such bridge, but it was swept away by an immense flood in the river; that he is under contract with the Decatur Iron Bridge and Construction Company to rebuild a substantial and durable iron bridge structure for said public uses; and that the rulings of the ordinary were error. The superior court overruled the *certiorari*, and Hightower excepted.

J. M. STUBBS, J. E. HIGHTOWER and HARRISON & PEEPLES, for plaintiff in error.

PATE & JORDAN, T. L. GRINER, R. A. STANLEY, FELDER & CORKER and A. F. DALEY, *contra*.

SIMMONS, Justice.

We have twice carefully read the record in this case, and find that the action of the ordinary in proceeding to change and lay out the road mentioned in the record was in every particular in accordance with the requirements of the code, and that the demurrers and pleas filed before him were insufficient, and show no legal grounds to prevent the road from being changed and laid out as described in the petition for the same and in the report of the road commissioners. The ordinary was therefore right in overruling the same, and the judge of the superior court was right in sustaining the rulings of the ordinary and in overruling the *certiorari*. If the plaintiff in error will be damaged by the appropriation or injury of his property in laying out and constructing this road, the code (§637) points out his remedy to have his damages assessed by a jury; and it appears from the record in this case that the ordinary had issued his order to the sheriff to summon a jury for the purpose of assessing his damages. It may turn out that upon the trial before the jury, they may give such amount of damages as will "transcend the utility of such road," and the ordinary "may revoke the road

altogether, or order the same altered so as to avoid the land so damaged, or make the owner an offer of such compensation as they may think just." Code, §646.

*Judgment affirmed.*