CRUM v. HARGROVE, ordinary, et al.

The order or judgment of an ordinary, making or establishing an alteration in a public road, stands until set aside, and can not be collaterally attacked in mandamus proceedings, under the act approved August 17, 1903 (Acts 1903, p. 41), to require the county officials having jurisdiction and supervision of public roads to put the road so altered in the condition required by that act.

Argued January 22, — Decided February 12, 1904.

Application for mandamus.  Before Judge Littlejohn.  Dooly superior court.  December 15, 1903.

Crum & Jones, for plaintiff.  J. T. Hill, for defendants.

FISH, P. J.  Under the provisions of the act approved August 17, 1903 (Acts 1903, p. 41), D. A. R. Crum applied to the judge of the superior courts of the Southwestern circuit for a mandamus against J. D. Hargrove, ordinary of Dooly county, and W. B. Matthews, B. B. Pound, and M. M. Doyle, road commissioners of the Cordele district of that county, and S. R. Bolton, road overseer for such district, to compel them to have a designated portion of a public road of that district worked " up to that standard now required by the existing laws of this State, embodied in sections 512, 513, and 533 of volume 1 of the Code of 1895, so that ordinary loads, with ordinary ease and facility," could be continuously hauled over that portion of such public road.  The answer of the respondents was to the effect, that the road in question had been altered upon the application of Crum, and that he, in order to get a favorable report from such road commissioners as to the public utility of the alteration, agreed with them to put the new portion to be made by the alteration in lawful condition, and that he, for the purpose of procuring the order from the ordinary, making and establishing such alteration, made a similar agreement with him; that Crum had failed to comply with his agreements, and that the condition of the road, of which he complained in his petition for mandamus, was due solely to the non-performance of his agreements so made.  There was a demurrer to the answer, on the ground that it was immaterial and irrelevant.  The case was submitted to the court by consent, to be decided upon the pleadings and the evidence.  Both sides submitted affidavits.  Those submitted by the defendants tended to prove the allegations in their answer, the commissioners deposing that they would not have

recommended the alteration as being of public utility, and the ordinary that he would not have granted the order establishing the alteration, but for the agreements of Crum to put that portion of the road made by the alteration in lawful condition, the ordinary further deposing that the failure to embody such agreement in his order was due to an oversight. Crum in his affidavit said that he had agreed with the road commissioners before they made their report, and with the ordinary before the order was granted, that he, at his own expense, would open the new portion of the road made by the alteration and put it "in reasonably passable condition," and that he had complied with such agreements. All the proceedings to have the alteration made in the road were in evidence. The report of the road commissioners, that the alteration would be of public utility, was in the usual form, except that the words "after applicant putting road in lawful condition" were added to the report. With this exception, all the proceedings were regular. The order or judgment of the ordinary, making or establishing the alteration, was absolute and unconditional. The judge refused to grant a mandamus absolute, and to this ruling Crum excepted.

Our Civil Code states the doctrine, which is universally recognized, that "The judgment of a court of competent jurisdiction can not be attacked in any other court for irregularity, but shall be taken and held as a valid judgment until it is reversed or set aside." § 5368. And, again, "A judgment that is void may be attacked in any court, and by anybody. In all other cases judgments can not be impeached collaterally but must be set aside by the court rendering them." § 5373. Our constitution (art. 6, sec. 6, par. 2, Civil Code, § 5853) declares that "The courts of ordinary shall have such powers in relation to roads, bridges, . . and other county matters as may be conferred on them by law." The Civil Code, § 4238, provides: "The ordinary, when sitting for county purposes, has original and exclusive jurisdiction . . in establishing, altering, or abolishing all roads, bridges, and ferries, in conformity to law." "The ordinary also has authority — 1. To sit at any time as a court for county purposes and for the exercise of any power he possesses as a quasi corporation contradistinguished from his power as a court." § 4240. The code also provides that proceedings before the ordinary, when sitting for

county purposes, must be in writing ; that he must keep a docket; that when individuals are to be affected by any order or judgment of his, they shall have reasonable notice of the time and place of hearing ; that he shall cause to be kept a minute of such proceedings ; that he shall have power to punish for contempt under the same rules and regulations as are provided "for other courts;" and that amendments shall be allowed as provided "in other courts." §§ 4263 to 4268, inclusive. It is clear, therefore, under the constitution and statutes above referred to, that the ordinary, when exercising his jurisdiction in the establishment and alteration of public roads, performs judicial functions and is a court. The rule that a judgment of a court of competent jurisdiction can not be collaterally attacked in any other court for irregularity has been applied by many courts to the orders of county officers, exercising their statutory authority in proceedings for the laying out of a public highway, or the location of a private way.    See authorities cited in 1 Freeman on Judgments, § 251, note 4; Elliott on Roads and Streets (2d ed.), § 346, note 3, p. 358, note 1.

When the inferior court had jurisdiction of roads, it was held, in *Nichols* v. *Sutton*, 22 *Ga.* 371, " The inferior courts have power to make and alter roads, and when a road is once made or altered agreeably to law, . . and the order or judgment of the court in respect thereto is unreversed, or not revoked according to law, the road so made or altered must stand established." In Sullivan *v.* Robbins, 109 Iowa, 235, it was held, that the fact that one was. induced through fraud to sign a petition to the county board for the vacation of a highway was not cause for a collateral attack upon the action of the board in vacating the highway. We conclude that as the ordinary was clothed with original and exclusive jurisdiction and exercised judicial powers and duties in relation to the matter of the alteration of the public road in question, his order or judgment, making and establishing such alteration, must stand until set aside, and that it could not be attacked upon the application for mandamus, by showing that the applicant for the alteration had agreed to put the new portion of the road in lawful condition and had failed to do so.    It was not disputed that the condition of that portion of the road was not up to the standard required by the Political Code, §§ 512, 513, 533, so that ordinary loads, with ordinary ease and facility, could be continuously hauled over it.

It follows that, under the provisions of the above-cited act of 1903, and the undisputed facts of the case, the court was bound to grant a mandamus absolute, and hence his refusal to do so was erroneous.

*Judgment reversed.　All the Justices concur, except Simmons, C. J., absent.*