## ATLANTA AND WEST POINT RAILROAD COMPANY *v.* REDWINE *et al.*, commissioners.

1. In an application for a new public road, a landowner whose land is sought to be taken may, in response to the notice served on him as provided in the Political Code, § 521, urge before the ordinary (or county commissioners, as the case may be) any legal objection to establishing the public road, and the judgment of the ordinary (or commissioners) is reviewable by certiorari.
2. As the landowner's remedy at law was ample, it was not erroneous to refuse to enjoin the county commissioners from continuing a proceeding to establish a public road pursuant to the Political Code, §§ 520–522, in advance of the hearing provided for in § 521.

Argued June 28, — Decided August 3, 1905.

Petition for injunction. Before Judge Roan. Campbell superior court. January 28, 1905.

The Atlanta and West Point Railroad Company filed a petition for injunction against the Commissioners of Roads and Revenues of Campbell County, alleging that they were proceeding illegally to establish a public road over and longitudinally upon a portion of its right of way, which had been already devoted to a public use, and was necessary to the operation of its business as common carrier. The petition was met by both a demurrer and an answer, which were considered by the presiding judge upon the interlocutory hearing in connection with certain evidence submitted by the parties. The court declined to grant an injunction, and the railway company excepted.

*Dorsey, Brewster & Howell* and *C. S. Reid*, for plaintiff.

*J. H. Longino*, for defendants.

EVANS, J. (After stating the facts.) The commissioners are proceeding, under the. Political Code, §§ 520–522, to lay out and open a public road. The different steps pointed out by the statute are : (1) the appointment, by the county commissioners, of three road commissioners to pass upon the public utility of the new road and to mark out its boundaries; (2) the road commissioners must go upon the land, and, if they find the road to be of public utility, must proceed to mark it out and make their report, under oath, to the county commissioners that the road has been laid out conformably to law; (3) when this report is filed with the county commissioners, they determine ex parte whether or not they are "willing to grant such road;" (4) if so, then it is their duty to publish a citation for thirty days at the door of the court-house and in a public gazette (if there is one in the county), giving a particular description of the proposed new road and notifying all persons concerned that on and after a certain day therein named the road "will be finally granted, if no good cause is shown to the contrary ;" (5) at the same time, the county commissioners shall issue a notice in writing to all persons, their overseers or agents, residing on the land which such road goes through, that they may put in their claims for damages, "or be forever estopped," which notice may be served personally or by leaving it at their most notorious place of abode; (6) upon the day specified in the order to show cause, the county commissioners. shall sit as a court for the purpose of determining whether sufficient cause is shown why the road should not be established; and, as cause why it should not be, any party at interest may show that the law with .respect to the laying out of the road has not been complied with, or any other legal reason why the commissioners are without power to establish the road as marked out by the reviewers. *Nichols* v. *Sutton*, 22 *Ga.* 369. The superior court can properly interfere with the proceedings only when the county commissioners seek to violate the law ; so long as they keep within their legal power, the exercise of their discretion ought not be controlled. *Ponder* v. *Shannon*, 54 *Ga.* 187.

That the county commissioners, when they sit for the purpose of finally determining whether or not they will grant the pro-

posed new road, sit as a court, has been recognized in several of the cases reported in our books. In some of them the point was not directly raised, and it was assumed that the county authorities were exercising judicial functions, not merely performing ministerial duties. Thus, in *Hightower* v. *Jones*, 85 *Ga.* 697, a dissatisfied landowner complained of the decision of the county authorities, by presenting a petition for certiorari to the superior court; the superior court overruled the certiorari, and its judgment was affirmed by this court. In *Ponder* v. *Shannon*, supra, the issue was raised by objections filed with the county commissioners; testimony was introduced before them, and their judgment was in favor of altering the road in accordance with the report of the reviewers; whereupon a writ of certiorari was sued out by the objectors. The sections of the code above cited were codified from the act of 1818. At that time the county affairs were administered by the justices of the inferior court. Upon the abolition of that court, the duties appertaining to county matters theretofore exercised by the justices were imposed upon the ordinary, save in those counties where the county affairs were administered by commissioners. In the case of *Nichols* v. *Sutton*, supra, it was expressly held that the justices of the inferior court had authority to alter or lay out public roads, and, in a proceeding to establish a road which had ceased to be a public highway, the remedy of a landowner who was dissatisfied with the decision of the justices of that court was to sue out a writ of certiorari to the superior court, and not a bill in equity to restrain an alleged trespass upon his property. Judge McDonald, who delivered the opinion of the court in that case, remarked (page 372): " We can not sanction the principle that every controversy respecting roads is to be converted into a case for a court of chancery." Since that decision, the practice, so far as we are informed by the reported cases, has uniformly been to complain by a petition for certiorari of any errors committed by the ordinary or county commissioners in laying out a new road or in altering one already established. Such was the course pursued in *Frith* v. *Justices*, 30 *Ga.* 723. The plaintiff in error, upon receiving the notice that the reviewers had marked out a road over its right of way, should have appeared before the county commissioners in response to the notice, and urged before them the objections made in its petition for in-

junction. Had the commissioners differed with the company as to the law respecting their power to lay out a public road longitudinally upon its right of way, the company could avail itself of its remedy by certiorari to review their finding. Its remedy at law being adequate, there was no error in refusing the injunction for which it prayed. The court below, in a written opinion assigning the reasons why the injunction was not granted, stated that the merits of the company's complaint were not passed on, and that the relief it prayed was denied upon the ground that it had not pursued the appropriate remedy.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*