*E. P. S. Denmark,* contra.

---

9176. Barnard *v.* Durrence, commissioner, *et al.*

Broyles, P. J. 1. Under the act of the General Assembly creating the board of commissioners of roads and revenues for the County of Evans, approved August 16, 1915 (Acts, 1915, p. 220, sec. 17), and the act of the General Assembly providing for the working of public roads, etc., in that county, approved August 16, 1915 (Ga. L. 1915, p. 227), the commissioners of roads and revenues of the county have exclusive jurisdiction, control, power, and authority to establish, discontinue, lay out, open, or alter public roads therein. There is no provision in either of these acts, or elsewhere, authorizing the commissioners, under any circumstances, to delegate their authority to any one else. Civil Code (1910), § 694; *Green* v. *Road Board of Bibb County*, 126 *Ga.* 693 (56 S. E. 59). It follows that the county commissioners of Evans county, while sitting as a court for the purpose of passing upon the altering of a public road, and the condemnation of a person's land in connection therewith, even if they were indirectly or directly interested personally in the judgment to be rendered by them, or biased or prejudiced in the matter, were not disqualified from presiding in the case.

2. It was not necessary to show that the proposed alteration in the road was a public necessity; it was sufficient to show that it was of public utility. Civil Code (1910), § 640.

3. Section 6457 of the Civil Code (1910) has no application to such proceedings.

4. Where proceedings to alter a public road are commenced under sections 640 et seq. of the Civil Code of 1910, the remedy of a person who will be damaged by the appropriation or injury of his property in the alteration and construction of the road is pointed out by section 678 of the Civil Code of 1910. *Hightower* v. *Jones*, 85 *Ga.* 697, 702 (11 S. E. 872).

5. The alteration of an old road involves the discontinuance of that part of it which is altered, and it is lawful to provide for both the alteration and the discontinuance in the same proceedings, and under a citation which refers merely to an alteration. *Ponder* v. *Shannon*, 54 *Ga.* 188 (2).

6. The description of the proposed alteration in the road, as given in the proceeding for its establishment, was sufficiently full, it being stated therein where the alteration was to begin, where it was to end, how wide the road was to be, whose lands the road 'was to be run through, *and that throughout its entire length it was to follow a certain roadway or right of way through those lands that had previously been cut by the authorities of Evans county.*

7. The constitutional question as to the taking of private property for public use without just compensation being first paid was virtually abandoned in the brief of counsel for the plaintiff in error.

8. The allowance of leading questions to be propounded to witnesses on the direct examination is within the sound legal discretion of the trial court. The admission of the evidence objected to, under the facts of the case, was not reversible error.

9. Upon the trial of the case the county commissioners directed the sheriff to summon a jury for the purpose of assessing the damages claimed by the plaintiff in error, in accordance with section 678 of the Civil Code of 1910. This was the proper procedure in the case.

10. The county commissioners did not err in overruling the motion to dismiss the proceedings.

11. A petition for certiorari can not under any circumstances be amended; and the judge of the superior court did not err in refusing to allow the petition for certiorari to be amended by attaching certain exhibits thereto.

12. The judgment of the county commissioners was authorized by the evidence, and the judge of the superior court did not err in refusing to sanction the writ of certiorari.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*

DECIDED MARCH 12, 1918.

Certiorari; from Evans superior court—Judge Sheppard. July 27, 1917.

*W. B. Stubbs, P. M. Anderson,* for plaintiff in error.

*J. Saxton Daniel,* contra.