13568. FRIEDLANDER *v.* FULD & HATCH KNITTING CO.

The price and the expense of shipment and storage of the goods purchased by the defendants, who, before shipment, attempted to cancel their order for the goods and gave notice that they would not be accepted, and, after shipment, refused them when tendered, were recoverable by the vendor, under the pleadings and the agreed statement of facts.

DECIDED JULY 11, 1922.

Complaint; from Colquitt superior court — Judge Thomas. April 14, 1922.

The action was by a vendor, for the price and the expense of shipment and storage of goods shipped after the order for the goods had been countermanded and notice given that the purchasers would not accept them if shipped, and after tender of the goods to the purchasers at the place to which they were shipped, and after the vendor, on refusal of the tender, had taken them from the carrier and there stored them for the purchasers and notified the purchasers that they had been so stored. The defendants contended that the remedy of the plaintiff was not an action for the price, but was an action for damages for breach of contract; that the provision of the Civil Code, § 4131, that the seller " may store or retain the property for the vendee and sue him for the price," does not apply where the contract of sale is executory and the purchaser has given notice before shipment of the goods that he will not accept them. The court, sitting without a jury, tried the case upon the pleadings and an agreed statement of facts, and rendered judgment for the plaintiff, the judgment reciting, that, " it appearing from the agreed statement of facts that the plaintiff stored the goods pursuant to the provision of the statute and gave the defendants notice, and it further appearing that such storage with

notice was done after the defendants had failed and refused to have and pay for the goods, it is held that the plaintiff is entitled to recover," etc.

From the agreed statement of facts it appeared that in March the defendants ordered the goods in question from the plaintiff and that the plaintiff accepted the order and agreed to ship the goods to the defendants, the shipment to be made in the following August, and that in August and after the shipping date had been deferred by mutual consent until such reasonable time as the defendants should request shipment, the defendants attempted to cancel their order and notified the plaintiff that they would not accept the goods; and in the following September the plaintiff shipped the goods, and upon their arrival at destination they were tendered to the defendants by the carrier and the tender refused, whereupon the plaintiffs, through their agents, took possession of the goods and had them stored in a public warehouse, and gave notice of this to the defendants and brought this action.

*James Humphreys, DeLoache & Roddenbery,* for plaintiffs in error, cited: Civil Code (1910), § 4131; 10 *Ga. App.* 102; 116 *Ga.* 140; 127 *Ga.* 735.

*Hill & Gibson,* contra, distinguished cases cited supra, and cited: 25 *Ga. App.* 647; s. c. 150 *Ga.* 361; 26 *Ga. App.* 554.

BROYLES, C. J. 1. Under the pleadings and the agreed statement of facts, the judgment of the court, sitting by consent without the intervention of a jury, in favor of the plaintiff was authorized, and the overruling of the defendant's motion for a new trial was not error.

2. It not appearing that the writ of error in this case was prosecuted for the purpose of delay only, the request of defendant in error for the award of damages is denied.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*