16422.  ANDERSON *et al* v. HOWARD *et al*.

1. There being no provision of law for disqualifying a member of the board of commissioners of Putnam county from presiding on the hearing of an application for a road, because of his having expressed an opinion "concerning said road" or because he had "personal feeling and was prejudiced," it was not permissible to challenge a member of the board upon these grounds.

2. The commissioners were not required to hear the application for the road on their "regular court day." Nor was their judgment, under the facts of this case, vitiated because it was rendered on December 9, notwithstanding, after hearing the evidence and the argument of counsel on December 6, they had agreed with the parties to withhold judgment until December 13.

3. Where an application is made for the establishment of a new road, county commissioners, in the appointment of reviewers to examine and report on the public utility of the proposed road, are clothed with some discretion and are not bound to appoint men living nearest thereto, without regard to their fitness for the duties imposed upon them. In the absence of anything to the contrary, the presumption would be that the appointment was properly made. No abuse of discretion was made to appear in this case.

4. It was not a good ground of objection to the proceedings, by persons required to be served in the manner prescribed by § 642 of the Civil

Code, and duly served accordingly, that others of the same class were not likewise served.

5. It was not necessary that the notice served on the objectors should be signed by all the commissioners. A majority was sufficient.

6. The words in the notice, "said road to be fifty feet in length," clearly appeared to be a clerical error, and, the length of the road otherwise appearing therein, it was proper to overrule a motion to dismiss the proceeding, based on the ground that the notice showed that the road was to be only fifty feet long, and for that reason could not be of public utility.

7. The adoption by the reviewers, in their report, of a map or plat attached thereto and made a part thereof, containing all the information and data necessary for the definite location of the road, was a sufficient compliance with the law as to "marking it out."

(a) Furthermore, the reviewers could not be heard to impeach their return, and, there being no testimony except by them that they did not mark out the road according to law, the objection to the adoption of the report on that ground was not sustained.

(b) In any view, the commissioners were not bound to sustain this objection solely upon the testimony of the reviewers in contradiction of their sworn report.

DECIDED SEPTEMBER 2, 1925.

Certiorari; from Putnam superior court—Judge Park. April 11, 1925.

*E. R. Lambert, R. C. Jenkins,* for plaintiff in error.

*Callaway & DeJarnette,* contra.

BELL, J. Upon the application of certain citizens of Putnam county, made to the county commissioners, for a new road, three road commissioners or reviewers were appointed to make the examination and report required by statute. Their report being favorable, certain other citizens,—W. D. Anderson and J. C. Anderson,—interposed objections to the establishment of the road, and the case as thus made came on for trial before the county commissioners. Their judgment being in favor of the application, the objectors sued out a certiorari to the superior court, where the certiorari was dismissed, and they excepted.

1. The objectors challenged the qualification of one of the county commissioners to preside in the case because "he had already expressed an opinion concerning said road before hearing the evidence, and because he had personal feeling and was prejudiced." The commissioner was sworn and testified: "My mind is already made up concerning this road before hearing any of the evidence. When this matter was before us a month ago I

asked the attorneys for W. D. and J. C. Anderson if they were not merely playing for time;" "I can hear the evidence now and pass on the matter and do what I think is right." The board thereupon ruled that the commissioner was qualified, and this ruling is assigned as error. It is provided in the Civil Code (1910), § 859, that, "In a civil cause, it is good cause for challenge that a juror has expressed an opinion as to which party ought to prevail or that he has a wish or desire as to which should succeed." See also *Justices of the Inferior Court* v. *Griffin & West Point Plank Road Co.*, 15 *Ga.* 39; *Haney School Furniture Co.* v. *Hightower Baptist Institute,* 113 *Ga.* 289 (1) (38 S. E. 761); *Sullivan* v. *Padrosa,* 122 *Ga.* 338 (1) (50 S. E. 142); *Hilton & Dodge Lumber Co.* v. *Ingram,* 135 *Ga.* 696 (1) (70 S. E. 234). But whether the evidence would have demanded a finding that the commissioner was disqualified if he had been serving as a juror, county commissioners, in passing upon a matter of the kind here involved, sit not as jurors, but as judges. *Atlanta & West Point R. Co.* v. *Redwine,* 123 *Ga.* 736 (51 S. E. 724). In the absence of statutory provision, a judge is not disqualified by prejudice or bias, or the previous expression of an opinion on the merits of the controversy. The only general provisions in our law in reference to the disqualification of judges, or of any officer exercising judicial functions, are contained in the Civil Code (1910), § 4642, as follows: "No judge or justice of any court, no ordinary, justice of the peace, nor presiding officer of any inferior judicature or commission, can sit in any cause or proceeding in which he is pecuniarily interested, or related to either party within the fourth degree of consanguinity, or affinity, nor of which he has been of counsel, nor in which he has presided in any inferior judicature when his ruling or decision is the subject of review, without consent of all the parties in interest: provided, that in all cases in which the presiding judge of the superior court may have been employed as counsel before his appointment as judge, he shall preside in such cases if the opposite party or counsel agree in writing that he may preside, unless the judge declines so to do."

There is nothing on the subject in any act of the legislature relative to the board of county commissioners of Putnam county. See Ga. L. 1878-79, p. 334; Ga. L. 1921, p. 555. Whether a mem-

ber of that body might be disqualified for a cause falling within the terms of § 4642, there is no provision of law anywhere for his disqualification on the grounds urged in this case. *Tibbs* v. *Atlanta,* 125 *Ga.* 18 (2) (53 S. E. 811); *Elliott* v. *Hipp,* 134 *Ga.* 844 (2) (68 S. E. 736, 20 Ann. Cas. 423, 137 Am. St. Rep. 272); *Beavers* v. *Armistead,* 156 *Ga.* 833 (5) (120 S. E. 526); *Barnard* v. *Durrence,* 22 *Ga. App.* 8 (1) (95 S. E. 372); *Carson* v. *Blair,* 31 *Ga. App.* 60 (1) (121 S. E. 517). It follows that there was no error in the board's ruling.

2. The notice of the application, served on the objectors as persons residing on the lands immediately affected, was alleged to be invalid because it required them to show cause on a day other than the commissioners' regular court day. The original act creating the board of commissioners for Putnam county (see act of September 8, 1879, Ga. L. 1878-9, p. 334) provided that the commissioners might hold special meetings whenever they saw fit, and this provision has not been changed by any subsequent legislation. The code provides for the publication of a citation to the public, notifying all persons that the application will be heard on "a certain day therein named," and also for the service of an additional notice in writing upon all persons, their overseers or agents, "residing on land which such road goes through." Civil Code (1910), §§ 641, 642. It was not necessary that the hearing should be had on a "regular court day."

In this connection we will refer to another assignment of error, kindred to that just considered. The record shows that at the conclusion of the evidence and after argument of counsel, on December 6, the day appointed for the hearing, "it was agreed by the court and all parties concerned that the board of commissioners, sitting as a court, would withhold its judgment in this case until Saturday, December 13, 1924, and in the meantime said board is to investigate the new proposed road offered by W. D. and J. C. Anderson" and another. Complaint is made because the "said board, unknown to [objectors] and without their consent, called said court in session on the 9th day of December, 1924, and rendered judgment." We have already seen that the commissioners could hold special meetings at any time they deemed proper, and it is not contended that they were not lawfully in session at the time they rendered judgment. All evidence was

in and counsel had completed their arguments. It is not alleged that the commissioners failed "to investigate the new proposed road" as they agreed. The objectors had been fully heard, and, so far as the record shows, had nothing further to offer. What right of theirs did the commissioners infringe by taking action on the matter on December 9 instead of waiting until December 13? None.

3. The return of the road commissioners, or reviewers, was attacked because one of them did not "reside as near where such road is intended to pass as possible" (see Civil Code (1910), § 640), but lived nine and one quarter to eleven and one half miles distant therefrom, and, according to the testimony of one of the objectors, owned no land in the immediate vicinity of the road, and "had no business that calls him out there as often as he goes." There were several citizens residing within from one to five miles, and there was no reason "why these men living out there could not act in the place" of the one objected to, that the witness knew of. The county commissioners are vested with some discretion in making such appointments, and are not required to appoint those residing nearest to the proposed road, without regard to their fitness for the duties imposed. In the absence of anything to the contrary, the presumption would be that an appointment was properly made; and it is not made to appear that the commissioners committed any abuse of discretion in this case. See *Brown* v. *Sams,* 119 *Ga.* 22 (2) (45 S. E. 719).

4. It was admitted that the citation was published as required by § 641, but plaintiffs in error objected to the proceedings because certain other persons, through whose land the road would pass, had not been served with written notice as required by § 642. The service prescribed by this section is in order that the owners of the lands affected "may put in their claim for damages or be forever after estopped." Manifestly, it was of no concern to the plaintiffs in error that some other persons may not have been notified in order that they might be heard on the matter of damages.

5. It was not necessary that all the county commissioners should sign the notice served on the objectors. Under the Civil Code (see subsection 5 of § 4) a majority was sufficient, and, besides, it was specially so provided in the act of 1879, creating

the board. It might perhaps be that the signature of the clerk or of one commissioner would be enough, if duly authorized by the board; and it might not even take special authority, where the application was set down regularly for hearing and the usual notice ordered.

6. Error was assigned upon the overruling of a motion to dismiss the proceedings because the original notice to the objectors described the proposed road as being fifty feet in length and such road could not be of public utility. Attached to the notice and made a part thereof was a plat which definitely described the location of the road and showed that its length would be 9652.70 feet. This was even shown in the face of the notice. Later came the words, "Said road to be fifty feet in length." This was evidently a mere clerical error, and was cured by the exhibit. The motion to dismiss was properly overruled.

7. One of the objections to the establishment of the road was that the road commissioners, or reviewers, did not physically "mark out" the road as required by section 640. The testimony showed that they went on the lands of the objectors only, but that in doing so they could see practically all of the proposed road. The evidence was that they did not actually stake or mark out the road on the ground, or designate its location in any other way except on paper. They did, however, attach to and make a part of their report a map or plat containing all the information and data necessary for the definite location of the proposed road; and this we think was a sufficient compliance with the law as to marking it out. Compare *Green* v. *Road Board of Bibb County,* 126 *Ga.* 693 (1) (56 S. E. 59).

But granting that the law contemplates an actual marking out of the road on the earth, the only evidence that they did not so mark it was by the reviewers themselves, and was in the very teeth of their sworn written report. See *Frith* v. *Justices of the Inferior Court,* 30 *Ga.* 723.

In their investigation they were acting in a capacity such as that of jurors, and jurors can not impeach their verdict. Civil Code (1910), § 5933. This rule is not of statutory origin, but was laid down by the Supreme Court as a matter of public policy (*Bishop* v. *State,* 9 *Ga.* 121 (4); *City Council of Augusta* v. *Hudson,* 94 *Ga.* 135 (6), 21 S. E. 289), and, on principle, would be

equally applicable to reviewers, or road commissioners, appointed to examine into whether a proposed road would be of public utility, and, if so, "to mark it out, and make their report under oath . . that it was laid out and marked conformably to law." The county commissioners had no legal authority to receive or consider the evidence of these reviewers impeaching their return (*Hale* v. *State,* 91 *Ga.* 19 (3), 16 S. E. 105; *Hill* v. *State,* 91 *Ga.* 153 (3), 16 S. E. 976; *City Council of Augusta* v. *Hudson,* supra); and, there being no other evidence on the subject, the objection failed. And still, even if they had power to hear and consider such evidence, they certainly were not bound to accept it as true, since the sworn statements of the reviewers to the contrary, appearing in the record, at least made the credibility of the reviewers as witnesses a question for determination by the county commissioners acting as a trial court, whose findings on the matter in issue the judge of the superior court was not compelled to set aside, in the absence of other evidence sustaining the objection as a matter of law, the burden being on the objectors to sustain the attack made.

From what has been said, it follows that the judge of the superior court did not err in dismissing the certiorari.

*Judgment affirmed. Stephens, J., concurs. Jenkins, P. J.. disqualified.*