21031.   KING *v.* GAFFORD *et al.*

Decided June 15, 1931.

*Robinson & Flynt,* for plaintiff in error.   *J. F. Terry,* contra.

Bell, J.   (After stating the foregoing facts.)   Being of the opinion that the court correctly dismissed the certiorari upon the ground that one of the applicants for the road was not made a party

defendant in the certiorari proceeding, we have deemed it unnecessary to set forth or pass upon the other grounds of the motion to dismiss.

Undoubtedly, it was necessary that some person or persons be made defendants in the certiorari proceeding. The board of county commissioners constituted the court whose judgment it was sought to review, and it seems that the only persons whom the caveator could designate as the parties defendant in his petition were those who had signed the application for the road. Four of these were so designated. Why not the fifth?

The signing and filing of the application was the beginning of the case before the county commissioners, and the applicants were there in the position of plaintiffs. *Atlanta & West Point R. Co.* v. *Redwine,* 123 *Ga.* 736 (51 S. E. 724). The law provides that if the commissioners are willing to grant the road, they shall publish a citation notifying all persons that on a day named the road will be finally granted, if no cause is shown to the contrary. Section 641. The applicants, however, occupy a different legal status from the members of the general public, since it is further provided that all persons, their overseers or agents, residing on lands affected, "except the applicants for the road or alteration, must be at the same time notified in writing," either personally or · by leaving notices at their most notorious places of abode. Section 642; and see also, in this connection, *Commissioners of Decatur County* v. *Curry,* 154 *Ga.* 378 (4) (114 S. E. 341).

Whether or not Harp, as an applicant, was disqualified to serve as a reviewer (*Parham* v. *Justices of Inferior Court,* 9 *Ga.* 341 (8); *Anderson* v. *Howard,* 34 *Ga. App.* 292 (7), 129 S. E. 567), the fact that he was permitted to serve without objection did not remove him from the case as an applicant. One who is an actual party is no less a party because he may be allowed, by consent or waiver, to sit in his own cause. Suppose, for instance, that Harp alone had signed the application for the road in question, and had still been appointed with others as a reviewer. Who then, except himself, could have been made defendant in the certiorari proceeding? We think he would have been a necessary party, in that case, and are unable to perceive that he was any the less so because there were others who signed the application with him. All persons who were parties in the case before the county com-

missioners and who were interested in sustaining their judgment were necessary parties to the petition for certiorari. To say that Harp was not interested in sustaining this judgment is to impeach the record, since he manifested his interest as a matter of law, in applying for the road, and it does not appear that his name as an applicant was ever stricken, or that the application was otherwise amended so as to terminate his relation thereto. Civil Code (1910), § 5185, 5190; *White* v. *Bleckley,* 105 *Ga.* 173 (31 S. E. 147); *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 100); *Sistrunk* v. *Davis,* 31 *Ga. App.* 397 (120 S. E. 675).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*